PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2002 Ford Taurus
struck a construction barrel on 1-64 between the Flal Greer and 29th Street Exits in Huntington, Cabell County. 1-64 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred in the afternoon of November 5, 2005. The speed limit at this construction zone is fifty-five miles per hour. Claimant was driving in the left lane at approximately fifty-five miles per hour when she noticed an orange and white construction barrel made of hard plastic that was out of line and blocking her lane of traffic. Since there was a vehicle traveling in the right lane of traffic, she was unable to change lanes to avoid the barrel. Claimant was concerned for the safety of her three-year-old daughter who was a passenger in the vehicle and believed it was safer for her vehicle to strike the barrel than to cut in front of another vehicle and potentially cause an accident. As a result, claimant’s vehicle struck the barrel and sustained damage to its driver’s side door, mirror, and front bumper in the amount of $1,289.76. Since claimant’s insurance deductible is $500.00, her recovery is limited to that amount.
The position of respondent is that it did not have actual or constructive notice of the construction barrel that was blocking the left lane of traffic on 1-64. Charlene Pullen, 1-64 Supervisor for respondent, testified that she is familiar with the area where claimant’s incident occurred. Ms. Pullen stated that 1-64 is a high priority road in terms of its maintenance. She testified that in November of 2005, Orders Construction was involved in a bridge replacement project at mile marker 14.1. Respondent’s records indicate that it did not receive complaints regarding a barrel *19 blocking the left lane of traffic in this area.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep ’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the construction barrel which claimant’s vehicle struck on 1-64 East. The Court finds that the plastic barrel in question was not adequately secured to prevent a hazard to the traveling public. Since the barrel was the proximate cause of the damages sustained to claimant’s vehicle, the Court concludes that respondent was negligent. Respondent may wish to seek reimbursement from the contractor if it is of the opinion that it is the responsible party for this dangerous condition at the construction site.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does malee an award to the claimant in the amount of $500.00.
Award of $500.00.